UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br>Plaintiff,<br>v.<br>SHORE MANAGEMENT, INC., et al.,<br>Defendants. | Case No.: 26-CV-608 JLS (GC)<br><br>**ORDER (1) GRANTING REQUEST FOR JUDICIAL NOTICE AND (2) GRANTING MOTION TO DISMISS THIRD-PARTY COMPLAINT**<br><br>(ECF Nos. 14-3, 14) |
| SHORE MANAGEMENT, INC., et al.,<br>Third Party Plaintiffs,<br>v.<br>UNITED STATES LIABILITY INSURANCE COMPANY,<br>Third Party Defendant | |

Presently before the Court is Third Party Defendant United States Liability Insurance Company's ("USLI") Motion to Dismiss Third-Party Complaint ("Mot.," ECF No. 14), Third Party Plaintiff Shore Management, Inc. and Justin D. Hoech's (collectively "Shore") Response in Opposition ("Opp'n," ECF No. 18), and USLI's Reply (ECF No.

20). Included with USLI's Motion is Third-Party Defendant USLI's Request for Judicial Notice ("RJN," ECF No. 14-3). After carefully considering the Parties' arguments, the Third Party Complaint ("TPC"), the evidence properly before the Court, and the law, the Court **GRANTS** the Request for Judicial Notice (ECF No. 14-3) and **GRANTS** the Motion to Dismiss the Third-Party Complaint (ECF No. 14). Shore's Third Party Complaint is **DISMISSED WITH LEAVE TO AMEND**.

## BACKGROUND

In the Third-Party Complaint, Shore alleges that USLI breached its insurance policy by refusing to defend Shore in a lawsuit in Superior Court.

Shore purchased an "errors and omissions" insurance policy (the "Policy") from USLI that imposed a duty to defend and pay costs related to covered claims arising out of Shore's wrongful act. TPC ¶ 8. Although the Policy imposed a general duty, it also included exclusions for claims involving bodily injury, personal injury, emotional injury, and destruction of personal property. *See id.* ¶ 17.

Ricardo and Keely Daximillion sued multiple defendants, including Shore and Mr. Hoech, in Superior Court. TPC ¶ 11. This underlying lawsuit included a number of causes of action that involved exclusions. *Id.* ¶ 12. However, four causes did not. *Id.* ¶ 14. The causes of action for negligence, professional negligence, failure to manage and maintain the property, and wrongful eviction were potentially covered under the Policy issued by USLI. *Id.*

Shore timely reported the lawsuit to USLI. *Id.* ¶ 15. Since some causes were covered, Shore expected USLI to defend the lawsuit and later seek reimbursement for excluded causes. *Id.* ¶ 14, 16. But USLI denied coverage. *Id.* ¶ 16. According to Shore, USLI's position is that USLI had no duty to defend an entire lawsuit if even one cause of action involved exclusions in any way. *Id.* ¶ 19. Shore proceeded to incur significant costs defending the lawsuit. *Id.* ¶ 23. Plaintiff Scottsdale Insurance Company (one of Shore's other insurers) sued Shore in this Court, seeking a declaration that it had no duty to defend Shore in the underlying lawsuit based on its own policy. ECF No. 1. Shortly thereafter,

Shore filed the TPC against USLI. *See generally* TPC. In it, Shore asserted that USLI did have a duty to defend Shore in the underlying lawsuit. *Id.* ¶¶ 15–24. USLI moved to dismiss. *See generally* Mot.

## REQUEST FOR JUDICIAL NOTICE

As an initial matter, USLI asks the Court to notice the Policy (Ex. 1) and four coverage position letters from USLI explaining the absence of coverage under the Policy. RJN at 2. Shore does not oppose the Request. *See generally* Docket.

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). But a court may consider evidence on which the complaint necessarily relies if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006) (citing *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)).

The Court may consider the Policy and the coverage letters. The TPC refers to all five documents. *See* TPC ¶¶ 7–10 (the section labeled "The USLI Policy"), 16. And the Policy and the coverage letters that explain USLI's denial are central to Shore's breach of contract allegation. *See id.* ¶¶ 25–36. Finally, Shore does not question the authenticity of the copies attached to the Motion. *See generally* Opp'n.

Accordingly, USLI's Request for Judicial Notice (ECF No. 14-3) is **GRANTED**.

## MOTION TO DISMISS

USLI moves to dismiss the entire TPC. *See generally* Mot. USLI states that the Policy broadly excludes coverage for, among other exclusions, claims "in any way involving" bodily injury. Memorandum of Points and Authorities, ECF No. 14, at 12. Since, elsewhere in the Policy, "claim" is defined to include a "judicial proceeding," the

entire underlying lawsuit is excluded from coverage because some causes of action involve bodily injury. *Id.* at 13–14. Shore opposes. *See generally* Opp'n.

The Court finds the Policy excludes coverage for the entire underlying lawsuit. Since there is no ambiguity, this may be decided on a motion to dismiss. Shore's TPC relies on USLI's duty to allege a cause of action for breach. Without such a duty, it fails to state a claim and must be dismissed.

## I. Legal Standard

Rule 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a 12(b)(6) motion, then, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

When reviewing a motion to dismiss under Rule 12(b)(6), the Court applies its "judicial experience and common sense." *Id.* (citation omitted). Further, "a district court must accept as true all facts alleged in the complaint" and "draw all reasonable inferences in favor of the plaintiff." *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019) (citing *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*,

768 F.3d 938, 945 (9th Cir. 2014)). But the Court is not required to accept as true allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g,* 275 F.3d 1187 (9th Cir. 2001).

Where a complaint does not survive 12(b)(6) review, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . could cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

Courts interpret insurance coverage by giving the provisions their "clear and explicit meaning . . . unless used by the parties in a technical sense or a special meaning is given to them by usage." *24th & Hoffman Invs., LLC v. Northfield Ins. Co.*, 82 Cal. App. 5th 825, 822 (2022). Insurance contracts are contracts governed by the ordinary rules of contract interpretation in California. *See Bank of the W. v. Superior Ct.*, 2 Cal. 4th 1254, 1264 (1992); *Hyundai Motor Am. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 600 F.3d 1092, 1097 (9th Cir. 2010).

The overriding goal of interpretation is to give effect to the parties' mutual intentions at the time of contracting. Cal. Civ. Code § 1636; *MacKinnon v. Truck Ins. Exchange*, 31 Cal. 4th 635, 647 (2003), *as modified on denial of reh'g* (Sept. 17, 2003). Where contract language is clear and explicit and does not lead to an absurd result, courts ascertain this intent from the written provisions and go no further. *In re K F Dairies, Inc. & Affiliates*, 224 F.3d 922, 925–26 (9th Cir. 2000); *AIU Ins. Co. v. Superior Ct.*, 51 Cal. 3d 807, 822 (1990); Cal. Civ. Code §§ 1638, 1639. Courts "do not add to, take away from, or otherwise modify a contract for 'public policy considerations.'" *Aerojet-Gen. Corp. v. Transp. Indem. Co.*, 17 Cal. 4th 38, 70 (1997), *as modified on denial of reh'g* (Mar. 11, 1998).

In the absence of ambiguity, "contract interpretation is an issue of law for the court, and may be decided on a motion to dismiss." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1015 (9th Cir. 2012). In other words, on a motion to dismiss, the court may not

resolve ambiguity by "looking to the expectations of a reasonable insured," *In re K F Dairies, Inc. & Affiliates*, 224 F.3d at 926 (quoting *Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*, 5 Cal. 4th 854, 875 (1993)), or construing it against the insurer, *AIU Ins. Co.*, 51 Cal. 3d at 822.

"[C]overage is precluded when the exclusionary language is explicit." *Belmonte v. Emps. Ins. Co.*, 83 Cal. App. 4th 430, 434–35 (2000) (citing *ML Direct, Inc. v. TIG Specialty Ins. Co.*, 79 Cal. App. 4th 137, 142 (2000)). But such exclusionary clauses "must be conspicuous, plain and clear." *MacKinnon*, 31 Cal. 4th at 648 (quoting *State Farm Mut. Auto. Ins. Co. v. Jacober*, 10 Cal. 3d 193, 202 (1973)). "[A]n insurer cannot escape its basic duty to insure by means of an exclusionary clause that is unclear. As [the California Supreme Court has] declared time and again 'any exception to the performance of the basic underlying obligation must be so stated as clearly to apprise the insured of its effect.'" *State Farm Mut. Auto. Ins. Co.*, 10 Cal. 3d at 201 (quoting *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 269 (1966)).

Generally, in an action in which some claims are potentially covered and others are excluded, the insurer has a duty to defend the action in its entirety. *Buss v. Superior Ct.*, 16 Cal. 4th 35, 48 (1997). However, this default rule may be altered by the contracting parties. *See, e.g.*, *S.B.C.C., Inc. v. St. Paul Fire & Marine Ins. Co.*, 186 Cal. App. 4th 383, 397 (2010) (finding no duty to defend when "there is no coverage for '*any other injury or damage that's alleged in any claim or suit which also alleges any* [intellectual property] *infringement or violation*'"). Such catch-all exclusions that place an entire lawsuit outside the duty of the insurer are enforceable. *See 24th & Hoffman*, 82 Cal. App. 5th at 838 (collecting cases).

**II. Analysis**

Shore alleges, and USLI does not dispute, that the Policy establishes a reasonable expectation that Shore will have coverage for losses and defense costs because of actual or alleged negligent acts, errors, or omissions arising out of Shore's professional services. TPC ¶8. Shore further alleges that three causes of action in the underlying complaint would

be potentially covered under the Policy. TPC ¶ 18. Therefore, under the default rule established in *Buss*, coverage will be found unless the Policy conspicuously, plainly and clearly apprises the insured that entire lawsuits involving the specified exclusions will not be covered. *MacKinnon*, 31 Cal. 4th at 649.

The Court begins, as it must, with a reading of the exclusion.

> [USLI] shall not be liable to make payment for Loss or Defense Costs in connection with any Claim made against any Insured arising out of, directly or indirectly resulting from or in consequence of, or in any way involving:
>
> 1. Any actual or alleged bodily injury, mental anguish, humiliation, pain, suffering, sickness, disease or death of any person, emotional distress, or damage to or destruction of any tangible property including any resulting loss of use.

RJN, Ex. 1 at 16. But the Policy has an explicit definition for "Claim" that the reader must incorporate:

> Claim" means:
>
> . . .
>
> (2) Any judicial . . . proceeding initiated against any Insured seeking to hold such Insured responsible for Wrongful Acts . . . arising solely out of an Insured's duties on behalf of [Shore].

*Id.* at 30. So, when putting the definition in its proper place, the Court arrives at:

> USLI shall not be liable . . . in connection with any [judicial . . . proceeding initiated against any Insured seeking to hold such Insured responsible for any Wrongful Act] in any way involving [any actual or alleged bodily injury, . . . emotional distress, or damage to . . . any tangible property].

The language of the policy unambiguously defines a claim as the entire lawsuit. *See Proceeding*, Black's Law Dictionary (12th ed. 2024) (defining a "proceeding" as "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment"). "[A] lawsuit is a singular civil proceeding, not a collection of them." *EB Holdings II, Inc. v. Illinois. Nat'l Ins. Co.*, No. 20-CV-02248-JAD-DJA, 2026 WL 559764, at *19 (D. Nev. Feb. 27, 2026) (collecting circuit cases

/ / /

interpreting the same or similar "Claim" definitions and finding them to mean the lawsuit as a whole).

The Court finds no ambiguity in the context of the entire Policy to override this plain meaning. In contrast, the court in *Health Net Inc. v. RLI Ins. Co.* found the insurer did not have the duty to defend the entire lawsuit even when "claim" was defined to include a "judicial . . . proceeding." 206 Cal. App. 4th 232, 260 (2012), *as modified on denial of reh'g* (June 12, 2012). But central in the court's analysis was the inconsistent use of the term "claim" throughout the policy *Id.* at 261 ("This latter language demonstrates that, despite the fact that the exclusion applies to a 'Claim,' it is only the specified dishonest 'act[s], errors[,] or omissions' that are actually excluded."); *see also New River Church Cmty. Inc.. v. United States. Liab. Ins. Co.*, No. 24-CV-06255-NW, 2025 WL 3500724, at *4 (N.D. Cal. July 22, 2025) (relying on how a "carve out cannot be harmonized with [defendant's] definition equating 'Claim' to 'suit'"). No such inconsistency exists in the contract here.

The effect of USLI's interpretation does not compel finding ambiguity. It is undisputed that insurers may exclude coverage for an entire lawsuit based on a single cause of action. *See, e.g., 24th & Hoffman*, 82 Cal. App. 5th at 828 ("But we know of no California authority that prevents the parties from contracting for such coverage, as they did here."); *S.B.C.C. Inc.*, 186 Cal. App. 4th at 397; *Nautilus Ins. Co. v. Acacia Mobile Home Park LLC*, 756 F. Supp. 3d 956, 973–74 (S.D. Cal. 2024). Such coverage is not, as a matter of California law, unreasonable.

Finally, Shore argues an interpretation that "requires interplay between prefatory language at 'Section V. Exclusions,' the definition of 'Claim' and the definition of 'Wrongful Act'" is not conspicuous, plain, and clear. Opp'n at 13. The Court declines to find the Policy exclusion facially unclear merely because it incorporates a term defined elsewhere in the five-page Policy.

When a policy states, in the clearly labeled exclusion section, that one cause of action may exclude the entire lawsuit, it is sufficiently conspicuous. *See, e.g., 24th & Hoffman*,

82 Cal. App. 5th at 821 (finding the entire lawsuit excluded when the policy stated, "we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply"); *Acacia*, 756 F. Supp. 3d at 970 (finding the same when the policy precluded "coverage 'in any action or proceeding alleging damages arising out of [habitability conditions]") (alterations in original).

Although the exclusion in this Policy requires the reader to reference a definition outside the exclusion section, this is not sufficient to rebut a clear and explicit meaning in the Policy. There is no California authority that prohibits using defined terms in exclusions. In fact, reading sections together is an ordinary part of contract interpretation and "[p]arties are expected as a matter of law to read the terms of any agreement they sign." *ViChip Corp. v. Lee*, No. C 02-2914 PJH, 2005 WL 8177966, at *2 (N.D. Cal. Mar. 7, 2005) (citing *Randas v. YMCA of Metro. Los Angeles*, 17 Cal. App. 4th 158, 163 (1993)); *In re Jogert, Inc.*, 950 F.2d 1498, 1505 (9th Cir. 1991).

Under the unambiguous meaning of the Policy, Shore has not stated a claim for relief. Accordingly, the Court **GRANTS** USLI's Motion to Dismiss Third Party Complaint. USLI argues that leave to amend should not be granted since any amendment would be futile. Mot. at 21. Leave to amend should be denied as futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012). The Court does not find that the defects identified by USLI are incurable. Therefore, the Court **DISMISSES** Shore's Third Party Complaint **WITH LEAVE TO AMEND.**

## CONCLUSION

In light of the foregoing, the Court **GRANTS** USLI's Request for Judicial Notice (ECF No. 14-3). Additionally, the Court **GRANTS** USLI's Motion to Dismiss Third Party Complaint (ECF No. 14) and **DISMISSES WITH LEAVE TO AMEND** Shore's Third Party Complaint (ECF No. 11).

Shore **MAY FILE** an amended complaint within thirty (30) days of the electronic docketing of this Order. Should Shore elect to file an amended complaint, it must cure the deficiencies noted herein and such amended complaint must be complete without reference to the superseded complaint. *See* S.D. Cal. CivLR 15.1. Any claims not realleged in the amended complaint will be considered waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012).

**IT IS SO ORDERED.**

Dated: November 2, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge